## SETTLEMENT AGREEMENT AND GENERAL RELEASE

**THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE** (the "Agreement") is made and entered into by and between **Andres Felipe** ("Felipe"), **Juan Tojin** ("Tojin"), **Pascual Espinosa** ("Espinosa"), **Diego Tum Imul a/k/a Diego Tum** ("Tum Imol"), **Domingo US Lux** ("Lux"), **David Gomez Toc a/k/a Juan Antonio Espinosa** ("Toc"), **Juan Tzunux Tojin** ("Tzunux Tojin"), **Oscar Ajanel-Baten a/k/a Tomas Alvarez** ("Alvarez") and **Ignacio Ajanel-Baten** ("Ajanel-Baten") (collectively, "Plaintiffs") and **Allied Recycling, Inc.** ("Allied"), **Chester Adamson** and **Todd Adamson** (collectively, the Adamsons and Allied shall be referred to as "Defendants"). The Plaintiffs and Defendants shall be referred to as the "Parties."

WHEREAS, the Plaintiffs, through their attorney, Victor Arias, participated as plaintiffs in a lawsuit against the Defendants claiming that while they worked for Allied, the Defendants failed to properly pay their overtime premium pay under the Fair Labor Standards Act of 1938, as amended ("FLSA"), which action is styled *Andres Felipe, et al. v. Allied Recycling, Inc., et al.*, Case No. 2:13-cv-44-DNF in the United States District Court for the Middle District of Florida, Fort Myers Division ("the Lawsuit"); and

WHEREAS, in the Lawsuit the Plaintiffs claimed that they each worked 40 hours of overtime per week and at all times were compensated at less than time and one-half for each hour of overtime worked; and

WHEREAS, the Defendants dispute that the Plaintiffs each worked 40 hours of overtime per week and further dispute that the Plaintiffs at all times were compensated at less than time and one-half for each hour of overtime worked, but are willing to resolve the Plaintiffs' FLSA claims to avoid the expense and uncertainty of further litigation; and

WHEREAS, the Plaintiffs are also willing to resolve their FLSA claims to avoid the expense and uncertainty of further litigation, and each acknowledge they have no other claim(s) against the Defendants, and

NOW, WHEREFORE, in consideration of the mutual promises and agreements in this document, the Plaintiffs and the Defendants agree to the following:

1. **Obligations of the Defendants**: In consideration of the Plaintiffs' obligations set forth herein, the Defendants shall pay to the Plaintiffs the total sum of $112,500.00 as set forth below.

    (a) On or before December 20, 2013, the Defendants shall pay the sum of $56,249.96 to the Plaintiffs as follows:

        i. $1,994.43 each, less applicable taxes, to Felipe, Tojin, Espinosa, Tum Imol, Lux, Toc, Tzunux Tojin, and Ajanel-Baten representing unpaid wages, for which a W-2 shall issue;

        ii. $2,991.67 each to Felipe, Tojin, Espinosa, Tum Imol, Lux, Toc, Tzunux Tojin, and Ajanel-Baten representing liquidated damages and consideration for the general release and other provisions in this Agreement, for which a 1099 shall issue;

        iii. $1,544.44, less applicable taxes, to Alvarez representing unpaid wages, for which a W-2 shall issue;

        iv. $2,316.72 to Alvarez representing liquidated damages and consideration for the general release and other provisions in this Agreement, for which a 1099 shall issue; and

        v. $12,500.00 to Victor Arias, Esq., representing attorneys' fees and costs for which a 1099 shall issue.

    (b) On or before January 20, 2014, the Defendants shall pay the sum of $56,250.04 to the Plaintiffs as follows:

        i. $1,994.44 each, less applicable taxes, to Felipe, Tojin, Espinosa, Tum Imol, Lux, Toc, Tzunux Tojin, and Ajanel-Baten representing unpaid wages, for which a W-2 shall issue;

        ii. $2,991.67 each to Felipe, Tojin, Espinosa, Tum Imol, Lux, Toc, Tzunux Tojin, and Ajanel-Baten representing

       liquidated damages and consideration for the general release and other provisions in this Agreement, for which a 1099 shall issue;

  iii. $1,544.44, less applicable taxes, to Alvarez representing unpaid wages, for which a W-2 shall issue;

  iv. $2,316.72 to Alvarez representing liquidated damages and consideration for the general release and other provisions in this Agreement, for which a 1099 shall issue; and

  v. $12,500.00 to Victor Arias, Esq., representing attorneys' fees and costs for which a 1099 shall issue.

  2. **Tax Treatment of Settlement Payments.** The Parties agree that nothing in this Agreement shall be construed as a representation by the Defendants as to the proper tax treatment of these settlement monies. Rather, the Plaintiffs shall be responsible for properly reporting and paying taxes on monies paid to each of them, and as to any failure by the Plaintiffs to properly pay taxes on the above settlement proceeds which leads to a claim against the Defendants, the Plaintiffs shall indemnify the Defendants for any liability the Defendants may incur as a result of such a claim. In addition, the Plaintiffs and their attorney agree to provide the Defendants with any tax forms reasonably requested and necessary for the Defendants to issue the payments and W-2 and 1099 forms referenced in paragraph 1 of this Agreement.

  3. **Obligations of the Plaintiffs**: In consideration of the Defendants' obligations set forth in this Agreement:

  (a) The Plaintiffs each declare and agree that they have received all compensation they were due plus liquidated damages and attorneys' fees and costs associated with their FLSA overtime pay claims and that no other compensation or wages of any kind are due under the FLSA, the Florida Constitution, or otherwise, other than as provided in this Agreement. Furthermore, the Plaintiffs declare that they are aware of, and agree with, the amount of attorneys' fees and costs being paid to their attorney for his representation in this matter.

  (b) The Plaintiffs each waive and release the Defendants, and any

related entities, predecessors, successors, officers, directors, representatives, agents, attorneys, and current and former employees, both individually and collectively (hereinafter collectively referred to as "the Released Parties") of and from, all claims, rights, administrative charges, and causes of action, both known and unknown, in law or in equity, of any kind whatsoever that each of the Plaintiffs has or could have maintained against any of the Released Parties from the beginning of time through the date of signing this Agreement, including any claim which was raised or could have been raised in the Lawsuit and including any claim for costs and attorneys' fees. Without limiting the generality of the foregoing, the Plaintiffs each waive and release all of the Released Parties of and from, all claims, rights, charges and causes of action relating to or arising out of their respective employment with, conditions of employment with, compensation by, or separation from employment with, Allied, including any claims, rights, charges or causes of action arising under Title VII of the Civil Rights Act of 1964, as amended; the Civil Rights Acts of 1866 and 1871; the Age Discrimination in Employment Act of 1967, as amended; the Equal Pay Act of 1963, as amended; the Employee Retirement Income Security Act of 1974, as amended; the Rehabilitation Act of 1973, as amended; the Americans with Disabilities Act of 1990, as amended; the Family and Medical Leave Act of 1993, as amended; the National Labor Relations Act of 1935, as amended; the FLSA (as defined above); the Occupational Safety and Health Act of 1970, as amended; the Consolidated Omnibus Budget Reconciliation Act of 1985, as amended, the Florida Civil Rights Act of 1992, as amended, Florida's workers' compensation, retaliation and whistleblower's statutes, and any other federal or state law or local ordinance, including any suit in tort (including negligence) or contract (whether oral, written or implied), or any other common law or equitable basis of action.

(c) Each of the Plaintiffs represents that he has not filed and does not intend to file any charge of discrimination, complaint or other accusatory pleading against any of the Released Parties based on conduct occurring on or before the date that he executes this Agreement with any federal, state or local agency and understands that the Defendants have reasonably relied on his representation in this paragraph in agreeing to perform the payment obligations set forth in paragraph 1 of this Agreement. Each of the Plaintiffs waives any right to recovery based on any such charge or lawsuit filed at any time by him or on his behalf.

4. **Non-Admission**. Neither this Agreement, nor anything contained in it, shall be construed as an admission by any of the Released Parties of any liability,

wrongdoing or unlawful conduct whatsoever.

5. **Non-Disclosure**. The Parties shall not disclose, either directly or indirectly, the existence of or any of the terms of this Agreement, including, but not limited to, the payments set forth in paragraph 1 above, to any person or organization, including, but not limited to, members of the press or media, present and former Allied employees, or any other members of the public. The Parties may only disclose the terms of this Agreement in a privileged context (attorney-client, accountant-client or husband-wife) or by the Defendants within the Defendants' and Released Parties' management on a need-to-know basis only, with the understanding that such disclosure will remain privileged and/or confidential and will not be communicated to third parties. If a party is asked by someone having pre-existing knowledge of the FLSA claims against the Defendants as to the status, result, or other matters relating to the claims, the Parties shall communicate simply that the claim was resolved, with no further elaboration.

6. **Future Employment.** Each of the Plaintiffs agrees not to reapply for employment with the Defendants in the future and agrees that if they do apply, they will not be hired. The Plaintiffs agree that the Defendants' refusal to hire them (or their termination if inadvertently hired) is in accordance with this Agreement and not a violation of any law, regulation or ordinance or as retaliation.

7. **Non-Disparagement**. Each of the Plaintiffs agrees that he will not at any time disparage the Defendants, their business or their reputation. The Defendants agree that no one with authority to speak for the Defendants will disparage the Plaintiffs or their reputation. The Defendants further agree to provide each of the Plaintiffs with a neutral job reference if contacted by a prospective employer. The reference will provide dates of employment, job title and verify pay only.

8. **Severability**. If a court of competent jurisdiction invalidates any provision of this Agreement, then all of the remaining provisions of this Agreement shall continue unabated and in full force and effect.

9. **Entire Agreement**. This Agreement contains the entire understanding and agreement between the Parties regarding the subject matter of this Agreement and shall not be modified or superseded except upon express written consent of the Parties to this Agreement. Each of the Plaintiffs represents and acknowledges that in executing this Agreement, he does not rely and has not relied upon any representation or statement made by the Defendants or their agents, representatives

or attorneys which is not set forth in this Agreement.

10. **Governing Law, Jurisdiction and Venue**. The laws of the State of Florida shall govern this Agreement. The United States District Court for the Middle District of Florida, Fort Myers Divisions shall have exclusive jurisdiction and venue with respect to any dispute related to or any alleged breach of this Agreement.

11. **Agreement Not to be Used as Evidence**. This Agreement shall not be admissible as evidence in any proceeding except one in which a party seeks to enforce this Agreement, alleges this Agreement has been breached or otherwise takes action inconsistent with the terms or representations in this Agreement.

12. **Opportunity to Consider and Confer**. The Parties acknowledge that they have had the opportunity to read, study, consider, and deliberate upon this Agreement. In addition, the Plaintiffs acknowledge and represent to the Defendants that each of them is under the age of 40 years old. The Parties further acknowledge that they fully understand and completely agree with all of the terms of this Agreement and that they have been, and hereby are, specifically advised to consult with their counsel before executing this Agreement and have done so.

13. **Counterparts**. The Agreement may be executed in counterpart copies which, taken together, shall constitute the agreement of the Parties. A facsimile or e-mail copy of any signature hereto shall be as valid as the original.

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties hereby execute this Settlement Agreement, Waiver and Release, consisting of eight (8) pages (which includes the signature pages and including thirteen (13) enumerated paragraphs) by signing below voluntarily and with full knowledge of the significance of all of its provisions.

**PLEASE READ CAREFULLY. THIS SETTLEMENT AGREEMENT, WAIVER AND RELEASE INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

Date: 11/24/2013

Andres Felipe

Date: 11/24/2013

Juan Tojin

Date: 11/24/2013

Pascual Espinosa

Date: 11/24/2013

Diego Tum Imol a/k/a Diego Tum

Date: 11/24/2013

Domingo US Lux

Date: 11/24/2013

David Gomez Toc a/k/a Juan Antonio Espinosa

Date: 11/24/2013

Juan Tzunux Tojin

Date: 11/24/2013

Oscar Ajanel-Baten a/k/a Tomas Alvarez

Date: 11/24/2013

Ignacio Ajanel-Baten

ALLIED RECYCLING, INC.

Date: 11/24/2013

By: _____
Todd Adamson

Its: _____

Date: 11-26-13

Chester Adamson

Page 7 of 8

Date: 11-26-13

_____
Todd Adamson